IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEDCREST CAPITAL LIMITED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:24-cv-00780-S (BT) |
| | § | |
| ANSLEM OSHIONBO, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On July 12, 2024, Plaintiff Zedcrest Capital Limited filed its Second Amended Complaint in this civil action (ECF No. 23). In the live pleading, Plaintiff brings breach of contract claims against Defendants Anslem Oshionebo and Ping Express US LLC based upon an alleged loan agreement. Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Second Am. Compl. ¶ 8.

For the reasons that follow, the undersigned concludes that Plaintiff's jurisdictional allegations are deficient. Accordingly, the District Judge should DISMISS this action without prejudice for lack of subject matter jurisdiction, unless Plaintiff—within the time to file objections to this recommendation, or a deadline otherwise established by the District Judge—files an amended complaint adequately alleging diversity of citizenship. Plaintiff should attach as an exhibit to the amended complaint

1

an affidavit or declaration stating the citizenship of each of Plaintiff's members.

I.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott*

2

*Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.").

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted).

"[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to adequately allege the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

## II.

Here, Plaintiff's Second Amended Complaint fails to set forth the necessary allegations to establish each party's citizenship, and thus, Plaintiff has failed to adequately allege diversity of citizenship. For example, Plaintiff fails to properly allege its own citizenship. Plaintiff alleges that it "is a limited liability company," *see* Second Am. Compl. ¶ 8,

3

the citizenship of which is determined by the citizenship of each of its members. *See Tewari De-Ox Sys., Inc. v. Mountain States/Rosen Liab. Corp.*, 757 F.3d 481, 483 (5th Cir. 2014) ("Because [defendant] is a limited liability company, however, its citizenship is determined by the citizenship of all of its members."). Plaintiff does not distinctly allege the citizenship of its members. It only alleges that "[a]ll Zedcrest shareholders are Nigerian individuals." Second Am. Compl. ¶ 2. But members of a limited liability company are not the same as shareholders of a corporation.

Additionally, even assuming Plaintiff mistakenly referred to shareholders when intending to allege citizenship of its members, the conclusory allegation in the live pleading is not sufficient to allege citizenship distinctly and specifically for diversity purposes. Namely, Plaintiff provides no factual detail or information about the number or identity of each of its members to enable the Court to determine Plaintiff's citizenship. *See Ben E. Keith Co. v. Dining All., Inc.*, 80 F.4th 695, 697-98 & n.10 (5th Cir. 2023) (affirming the district court's dismissal of an action because the defendant failed to provide information regarding its corporate form and citizenship, including the identity of all of its limited liability company members); *see also Welsh v. American Sur. Co. of N.Y.*, 186 F.2d 16, 17 (5th Cir. 1951) (plaintiff's conclusory allegation of citizenship was not sufficient, since the burden rested on plaintiff to show by a preponderance of the evidence that he was a citizen as alleged).

4

In addition to Plaintiff's allegation about shareholders, the live pleading alleges that Plaintiff is "incorporated under the laws of Nigeria with its principal place of business in Lagos, Nigeria." Second Am. Compl. ¶ 8. This allegation provides information necessary to establish the citizenship of a corporation, not a limited liability company. *See* 28 U.S.C. § 1332(c)(1) (A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]").

### Recommendation

Unless Plaintiff—within the time to file objections to this recommendation (explained in more detail below) or some other deadline established by the District Judge—files (i) an amended complaint adequately alleging diversity of citizenship and (ii) an affidavit or declaration stating the citizenship of each of Plaintiff's members, the District Judge should DISMISS this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED**.

July 17, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).